## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DARRYL D. TAYLOR,
    Plaintiff,

  vs.

DORA YOUNG, et al.,
    Defendants.

Case No. 1:16-cv-400

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, an inmate at the Noble Correctional Institution, brings this civil rights action under 42 U.S.C. § 1983 against defendants Dora Young, Aaron Bollinger, Perry Adkins, and Carl Bowen. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.

1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff makes the following factual allegations:

> On at least three separate dates on or about the 9th day of July 2014, the 11th day of September 2014 and the 18th day of September 2014 at the Township of Upper, County of Lawrence, and in the state of Ohio at 925 South 10th Street, Ironton, OH 45638, Dora Young, an informant, acting under the supervision of the Lawrence County Major Crimes and Drug Task Force, did knowingly and purposely bring an interception device into my residence and intercepted communications for the purpose of committing a crime.  Perry Adkins, Aaron Bollinger, and Carl Bowen testified they provided Dora Young with the use of an audio and video recording apparatus for the purpose of gathering evidence of a crime for the Lawrence County Major Crimes and Drug Task Force.

(Doc. 1-1, Complaint at PageID 7).  For relief, plaintiff seeks a jury trial, that defendants be charged with a felony, and $3,000,000.  (*Id.* at PageID 8).

Plaintiff's complaint is subject to dismissal for lack of standing.  Plaintiff fails to allege any facts whatsoever showing that he has personally suffered an injury as a consequence of the actions complained of in the complaint.  Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit."  *Senter v. General Motors Corp.,* 532 F.2d 511, 516 (6th Cir. 1976) (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)).  Amongst other requirements, "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not

conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–60 (1992) (internal quotation marks and citations omitted).  In this case, plaintiff has not alleged that he suffered any injury from the allegations contained in the complaint.  Accordingly, the complaint is subject to dismissal for lack of standing.[1]

Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1.  The plaintiff's complaint (Doc. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 4/11/16

Karen L. Litkovitz
United States Magistrate Judge

---

[1] To the extent that plaintiff is challenging a conviction stemming from the facts alleged in the complaint, it appears that the complaint is barred from review by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  *See also Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995); *cf. Edwards v. Balisok*, 520 U.S. 641, 643 (1997).  In *Heck*, the Supreme Court held that a § 1983 civil rights action seeking monetary relief on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486-87.  Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *see also Edwards*, 520 U.S. at 643.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DARRYL D. TAYLOR,                               Case No. 1:16-cv-400
         Plaintiff,

                                                Dlott, J.
    vs.                                         Litkovitz, M.J.

DORA YOUNG, et al.,
         Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof. That period may be extended further by the Court on timely

motion by either side for an extension of time. All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after

being served with a copy of those objections. Failure to make objections in accordance with this

procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States*

*v. Walters,* 638 F.2d 947 (6th Cir. 1981).